ETTLINGER v. KRUGER.

(Supreme Court, Appellate Term, First Department. March 16, 1914.)

STIPULATIONS (§ 13*)—RELIEF FROM STIPULATIONS.

Plaintiff brought three separate actions for rent, and before action No. 1 was determined on appeal, action No. 3 was ordered for trial, and on December 17, 1912, the parties stipulated that the action be adjourned until December 24th, to permit defendant to execute bond for payment of the amount involved in the action, in the event of affirmance of the judgment in action No. 1, and that otherwise the case should be tried on December 24th. The issues made by the pleadings in both actions were whether plaintiff had accepted defendant's assignee as tenant in place of defendant, so as to establish a surrender of defendant's term. While searching the records of the bankruptcy court in December, 1913, defendant first learned that plaintiff had received a dividend in bankruptcy proceedings upon a claim against the assignee for the installment of rent covered by action No. 2, and also learned that plaintiff had requested in writing a surrender from the assignee's trustee in bankruptcy, and had received the keys of the premises before the time the installment sued for in action No. 3 became due, and thereupon moved to be relieved of his stipulation and to amend his pleadings to allege a surrender of the premises through the acceptance of the keys, and a subsequent leasing to a third person. Defendant had proved in the trial of action No. 1 that a claim for an earlier installment had been made in the bankruptcy proceedings. *Held*, that defendant should not be relieved of his stipulation if, by due diligence, he could have discovered the existence of the facts upon which the issue of surrender was based before he made the stipulation, and that he did not use sufficient diligence for that purpose, so that he should not be relieved from the stipulation on the ground of inadvertence.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 67–76; Dec. Dig. § 13.*].

Bijur, J., dissenting

Appeal from City Court of New York, Special Term.

Action by Louis Ettlinger against Theodore Kruger. From an order of the City Court denying a motion to be relieved from a stipulation, defendant appeals. Affirmed.

See, also, 159 App. Div. 906, 144 N. Y. Supp. 1115.

Argued March term, 1914, before SEABURY, LEHMAN, and BIJUR, JJ.

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Theodore F. Kuper, of New York City (Henry L. Scheuerman, of New York City, of counsel), for appellant.

Lehmaier & Pellet, of New York City (James S. Lehmaier and William W. Pellet, both of New York City, of counsel), for respondent.

LEHMAN, J. The plaintiff herein has brought three actions for installments of rent, due under a lease. The litigation of action No. 1 necessitated a number of trials and appeals. While that litigation was still pending, the plaintiff brought actions Nos. 2 and 3 for subsequent installments of rent. Before the appeals in action No. 1 were ended, action No. 3 appeared on the day calendar, and was ordered on trial. The parties then stipulated in open court, on December 17, 1912, that the action be adjourned until December 24th, for the purpose of permitting the defendant to give the plaintiff a surety company bond, providing for the payment of the amount involved in the action, with costs, in the event of the ultimate affirmance of the judgment in action No. 1, "otherwise the case will be tried on December 24th." The issues raised by the pleadings in action No. 3 were exactly the same as in action No. 1, viz., whether the plaintiff had accepted the defendant's assignee as his tenant in place of the defendant, thereby establishing a surrender of defendant's term by operation of law, and the judgment roll in that action would have been res adjudicata in action No. 3 under the pleadings as they then stood. In December, 1913, the defendant, however, learned that the plaintiff had requested in writing a surrender from the assignee's trustee in bankruptcy, and had received the keys of the premises from him previous to the time when the installments sued for in action No. 3 became due. Thereupon the defendant moved to be relieved of his stipulation, and to amend his complaint, by pleading a surrender, through the acceptance of the keys, and thereafter leasing the premises to a third party. The defendant now appeals from the denial of this motion.

In my opinion the trial justice properly denied this motion. The defendant, when the case was on the day calendar, had under the pleadings no defense which he could have interposed. To avoid the necessity of a formal trial and appeal, the parties made the stipulation that a bond be given to pay the amount involved if the issues in the first or test case be finally adjudicated against him. At that time he was bound to be ready for trial, and if there were any defenses which he could interpose, he was bound to be diligent in preparing those defenses. Having gained the advantage which he sought by the making of the stipulation, he should not now be put in any better position than if he had not made the stipulation and proceeded with the trial. In other words, he should not be relieved from his stipulation because he now has discovered that he might have raised other issues, not dependent upon the outcome of the first litigation, if by due diligence he might have discovered the existence of the facts upon which those issues could be based, before he entered into the stipulation at the time when the case was on the day calendar.

It appears that these facts were discovered in December, 1913, or a year after the stipulation was made, by reason of the circumstance that he was then searching the records of the bankruptcy courts, because he had learned, for the first time, that the plaintiff had been paid a dividend in the bankruptcy proceedings upon a claim against the assignee for the installments of rent covered by action No. 2. Inasmuch as he proved on the trial of action No. 1 that a claim for the earlier installment had been made in the bankruptcy proceeding, ordinary care would have required him to search the bankruptcy records to determine the disposition made of the claims. It is true that such a search would not have disclosed in the records the facts upon which the defendant bases this motion, but it is illuminative of the lack of diligence shown by the defendant in preparing for the trial, which he avoided by making this stipulation.

The defendant did know that the plaintiff had made a claim in bankruptcy, had received the keys from the trustee, and had thereafter leased the premises to a third party. If with knowledge of these facts ·he made no investigation to determine the manner in which the plaintiff had obtained the keys, then he should not be permitted to claim that the stipulation was obtained by inadvertence. If there had been a trial of the issues in action No. 3, the defendant could not have obtained a new trial on the ground that he had discovered new evidence, when that evidence would have been discovered if he had exercised reasonable care, and he should not be relieved of a stipulation to pay the amount involved without a trial on any similar ground.

In my opinion if there is any difference, the defendant, to succeed on this motion, should be required to show even stronger grounds than would be necessary to obtain a new trial, for the stipulation is in effect a contract made upon good consideration, of which he has had the benefit.

The order should be affirmed, with $10 costs and disbursements.

SEABURY, J., concurs.

BIJUR, J. (dissenting). Plaintiff had brought three suits against the defendant. No. 1 was for the rent of certain premises for April and May, 1910, No. 2 for the rent for June, July, and August, 1910, and No. 3, the present action, for rent for September, October, and November, 1910. Defendant had been the original lessee of the premises, and had assigned his lease to one Nigey, who, in May, 1910, was adjudicated a bankrupt. After actions Nos. 1 and 2 had .proceeded to judgment in favor of plaintiff, and while an appeal from the judgment in action No. 1 was pending in the Appellate Division, the present action, No. 3, appeared on the calendar. Actions Nos. 1 and 2 involved practically but one question, namely, the liability of the defendant notwithstanding the assignment of the lease to Nigey; and, it being assumed that action No. 3 would be governed by the same considerations, a stipulation was entered into on December 17, 1912, as follows:

"Before Hon. Peter Schmuck, J.                    December 17, 1912.
"Appearances: Mr. Lehmaier, for plaintiff. Mr. Fromme, for defendant.
"It is stipulated in open court that the trial of this action is adjourned until the 24th day of December, 1912, for the purpose of permitting the defendant to give the plaintiff a surety company bond, providing that in the event of the ultimate affirmance and final determination of the judgment in action No. 1, the amount involved in this action, with costs, will be paid to the plaintiff, otherwise the case will be tried on December 24, 1912; Mr. Fromme hereby withdrawing his motion for a stay pending and returnable on the 19th day of December, 1912.        Chas. F. Trickham, Official Stenographer."

The appeal in action No. 1 was decided against defendant, and thereafter, when defendant's counsel recently asked plaintiff's counsel what amount was due upon the judgments in actions Nos. 1 and 2, plaintiff's counsel forwarded a statement showing a considerable credit by way of dividends received from the estate of the bankrupt. This led defendant's counsel to investigate the circumstances of the receipt of this dividend and accidentally disclosed at the office of the trustee in bankruptcy, one Roney, the letter which forms the basis for the present application.

"New York, Aug. 9, 1910.

"Herbert H. Roney, Esq., 60 Wall Street, New York—Dear Sir: We represent Mr. Louis Ettlinger, the owner of the premises No. 589 Broadway. These premises were leased to one Theodore Kruger, who we understand assigned his lease to August Nigey, for whom you have been appointed trustee in bankruptcy; we also understand that you desire to surrender the premises. Will you therefore deliver to bearer the keys to the premises and a letter stating that you make the surrender.

"We will be obliged to you if you will advise us how long you occupied the premises as trustee.

"Yours truly, [Signed], Lehmaier & Pellet."

Following this, on December 8, 1913, the defendant made a motion for a new trial of actions Nos. 1 and 2 on the ground of this newly discovered evidence, which motion was denied, but, as I shall point out later on, such denial does not, in any wise, affect the present application, because the alleged surrender thus disclosed occurred after accrual of the rents sued for in the two prior actions. In substance, the stipulation sought to be set aside herein is no more than an adjournment of a pending action to await the result of an appeal in another action and an agreement to pay the amount sued for in the event of an unfavorable determination of the appeal, without compelling the plaintiff to go through the useless formality of entering judgment in the action in which the stipulation was made. I think, therefore, that both parties are entitled to have the present motion dealt with as if it were a motion for a new trial on newly discovered evidence.

Plaintiff contends that the facts involved in the letter of August 9, 1910, from plaintiff's counsel to the trustee in bankruptcy, had been communicated to the then counsel for the defendant, Messrs. Fromme Bros., or that, to say the least, they were put upon inquiry as to those facts by means of the following correspondence:

"August 9, 1910.

"Mr. Theodore Kruger, No. 1233 Third Ave., New York City—Dear Sir: The trustee in bankruptcy of August Nigey to whom we understand you as-

signed your lease to the premises 589 Broadway, has delivered the keys of the premises to us, as attorney for Mr. Louis Ettlinger.

"Inasmuch as the premises are now vacant, and you are in default of payment of rent, Mr. Ettlinger will endeavor to rent the premises for your account, without in any way releasing you from the terms of the lease.

"Yours truly, Lehmaier & Pellet."

"August 11th, 1910.

"Messrs. Lehmaier & Pellet, 132 Nassau Street, New York City—Gentlemen: Mr. Theodore Kruger has handed us your letter to him of the 9th inst. for reply. We inform you on his behalf that any action Mr. Ettlinger may take as to the premises will be taken on his own responsibility, and that the question as to any liability of Mr. Kruger in connection with his former lease is now in litigation. Mr. Kruger declines to be led in pulling Mr. Ettlinger's chestnuts out of the fire.          Yours very truly, Fromme Brothers."

In this view of the correspondence, however, I can by no means agree.

The defense to action No. 3—it being remembered that it is for the rents of September, October, and November, 1910—which defendant seeks to set up in its proposed amended answer if this stipulation be opened, is:

"That on or about August 8, 1910, the trustee in bankruptcy, at the special instance and request of the plaintiff, surrendered the said premises to the plaintiff, and plaintiff accepted such surrender and thereupon took possession of the said premises."

It having been adjudicated that plaintiff had not escaped liability under the lease by the mere assignment of his rights thereunder to Nigey, it is quite evident that the bare delivery of the keys of the premises by the trustee in bankruptcy of Nigey to the plaintiff would not have discharged defendant. But whatever doubt the defendant may have entertained on that score would have been dispelled by the letter from plaintiff's counsel upon which the plaintiff now relies. It apprises defendant of the fact that the keys had been delivered to the plaintiff's attorney, but characterizes that delivery and relieves defendant of the need of making any inquiry in that regard by informing him that:

"Inasmuch as the premises are now vacant, * * * Mr. Ettlinger will endeavor to rent the premises for your account without in any way releasing you from the terms of the lease."

This is surely tantamount to saying, in terms as strong as may well be conceived, that the plaintiff had refused to accept the delivery of the keys as a surrender of he premises, although, in truth, the fact was that the surrender of the premises had been solicited by the plaintiff himself, and the keys delivered apparently in response to that request. Not only was this vital point concealed from the defendant, but its existence was substantially negatived by the letter addressed to his counsel. Without desiring to intimate that this deception was willful, I cannot escape the conclusion that it was effective, and that defendant was fully justified in accepting it at its face value and in making no further inquiry in respect thereto.

The new evidence, therefore, consisting of the letter of August 9, 1910, from plaintiff's counsel to Roney, coupled with the further

fact, disclosed in the moving papers by the affidavit of Roney's attorney, that at that time the premises had already been shown by him a number of times to intending tenants at the request of a real estate firm which acted as the agent of the plaintiff, constitutes testimony which, it seems to me, the defendant has the right to have submitted to a jury to determine whether or not there had actually been a surrender of the premises to the plaintiff in August, 1910. It is testimony of the utmost legal significance, and may well be regarded as extremely likely to change the result of the trial. It has no bearing upon the results of actions Nos. 1 and 2, which were for rent prior to the alleged surrender; but it materially affects the issues in the present action. It is newly discovered in the true sense of the word. It is not of a character which defendant should, in the exercise of due diligence, have expected to exist; but even if it were, plaintiff, by his letter hereinabove referred to, had effectually thrown defendant off his guard. If plaintiff had indeed accepted a surrender of the premises so that defendant's liability was thereby terminated, it would be a gross injustice to permit him to recover from defendant for the rent subsequently accruing, merely because defendant's counsel had, in innocent ignorance of the facts, entered into a stipulation.

I think, indeed, that a new trial should be granted defendant, not as a favor, but as a matter of right, and that, to that end and to that extent defendant should be relieved from the stipulation.